GRAND TRUNK RY. CO. v. CENTRAL VERMONT R. CO.

(Circuit Court, D. Vermont.   October 22, 1898.)

RAILROADS—PREFERRED CLAIMS IN INSOLVENCY—CAR RENTALS.
    A claim against a railroad for car rentals or mileage accruing prior to
a receivership is not entitled to payment as a preferential debt.

On Intervening Petition to Establish a Preferential Claim.

Fred H. Williams, for petitioner.
Charles M. Wilds and Elmer P. Howe, for petitionees.

WHEELER, District Judge.   This cause has now been heard upon the intervening petition of the Boston Live Stock Line Corporation for payment of car mileage by the receivers, which accrued within the time allowed before the receivership, as a preferred claim.   All debts are not allowable as such claims, but only those which bear such a relation to the property in custody, by conserving it, as makes them an equitable and just charge upon it, within proper limits, by way of preference over mere indebtedness.   The supreme court of the United States said in Thomas v. Car Co., 149 U. S. 95, 13 Sup. Ct. 824, after reviewing prior cases:

    "Tested by the principles asserted in these cases, the claim for car rental that had accrued prior to the receivership cannot be maintained, but should have been disallowed."

In Pullman's Palace-Car Co. v. American Loan & Trust Co., 28 C. C. A. 363, 84 Fed. 18, the circuit court of appeals of the Eighth circuit said:

    "Notwithstanding the ingenious and able arguments of counsel for appellant, we are unable to perceive in this case other than an effort to establish as a preferential debt a claim for the stipulated compensation for the use of cars, or, as it is generally called, 'car rental.'   Under the authority of Thomas v. Car Co., 149 U. S. 95, 13 Sup. Ct. 824, this cannot be done."

In Virginia & A. Coal Co. v. Central Railroad & Banking Co., 170 U. S. 355, 18 Sup. Ct. 657, the court said:

    "In concluding that the claims of the interveners were entitled to priority out of the surplus earnings which arose during the control of the road by the court, we must not be understood as in any wise detracting from the force of the intimations contained in the recent utterances of this court in the Kneeland Case, 136 U. S. 89, 10 Sup. Ct. 950, and the Thomas Case, 149 U. S. 95, 13 Sup. Ct. 824, as to the necessity of a court of equity confining itself within very restricted limits in the application of the doctrine that in certain cases a court having a road or fund under its control may be justified in awarding priority over the claims of mortgage bondholders to unsecured claims accruing prior to a receivership."

These decisions and declarations seem to preclude the allowance of these car rentals or mileages as preferred claims in this case.

The petitioner insists that the money arising from the use of the cars was received in trust, and so should be paid in priority.   The freight earned is understood, however, to have accrued to, and been collected by, the railroad company for itself, and not for the petitioner, and to have belonged to that company; and the car rentals to have accrued to the petitioner as a mere debt.   This would not impress

a trust upon any part of the money as collected for and belonging to the petitioner. Demurrer sustained and petition dismissed, without prejudice to debt.